ALBERT GAS FIXTURE CO. v. KABAT.

(Supreme Court, Appellate Term.   April 18, 1908.)

1. SALES—CONTRACTS—BREACH—MEASURE OF DAMAGES.

In an action for a seller's breach of a contract for the sale of wire, the buyer is entitled to recover the difference between the contract price and what the wire actually cost it in the open market.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1174.]

2. SAME—EVIDENCE.

In an action for a seller's breach of contract for the sale of wire, the buyer testified that he was required to pay 75 per cent. more for the goods in the open market; that he bought about $800 or $900 worth of Nos. 16 and 18 new code wire during the contract term in the open market, and paid therefor $8.50, $8.75, and $9; that the bills would show about nine different prices; that during the contract term the price of the wire advanced from 40 to 75 per cent.   Another witness for plaintiff testified that the market price for No. 16 wire was $8.50 per 1,000 feet, and of No. 18 $7.50 per 1,000 feet.   There was no evidence as to how much of each kind of wire plaintiff purchased in the open market, nor how much each lot cost.   Held that, if plaintiff was entitled to any recovery, he was entitled to a definitely ascertained sum, and that the evidence was too indefinite and conjectural to sustain a verdict.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Albert Gas Fixture Company against Harry H. Kabat. From a Municipal Court judgment in favor of plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Isidor L. Daniels, for appellant.
Rosenbluth & Silverman, for respondent.

DAYTON, J.   The plaintiff claims to have sustained $200 damages for failure of defendant to deliver certain wire under a contract at an agreed price, which failure made it necessary for it to purchase the said wire in the open market at an additional cost aggregating the above sum.   The defendant denies the breach, alleges a rescission and cancellation, and pleads willingness to perform.   The learned trial justice determined the issues in the plaintiff's favor, and rendered judgment for $200, the amount demanded in the complaint, with $22 costs.

Under the established rule the plaintiff is entitled to recover the difference between the contract price and what the wire actually cost it in the open market.   But that cost must be established by satisfactory and convincing evidence.   Inferential or speculative testimony is not sufficient.   The plaintiff testified to his counsel, who asked:

"You had to pay 75 per cent. more for the goods in the open market?   A. Yes, sir."

This is the only evidence in the record that he had ever bought any wire in place of that which he contracted to buy from the defendant. He was asked:

"Did you buy any No. 16 and No. 18 new code wire during the months of October, November, and December, outside of the wire you agreed to buy from Kabat?"

To this he answered in the affirmative, stating that he bought about $800 or $900 worth, paying different prices therefor—$9, $8.50, $8.75. "The bills will show about nine different prices." He further stated that in the months of October, November, and December (the contract having been dated October 13th, to be completed within 60 days) the price of wire advanced from 40 to 75 per cent., and at another time he stated that it advanced 75 per cent. On redirect examination he stated to his counsel that the market price of No. 18 code wire was between $7 and $8, and the market price of No. 15 code wire was $9. His witness Goodfarb stated that the market price of No. 16 wire was $8.50 per 1,000 feet, and of No. 18 $7.50 per 1,000 feet.

It is difficult to see that a right method of arriving at the amount due can be found in this evidence. Plaintiff's counsel contends that, however the amount was reached, the court could not have awarded a less sum, and therefore the judgment should stand. If the plaintiff was entitled to any recovery, he was entitled to a definitely ascertainable sum; and if he was compelled to buy wire in the open market he should have shown how much of each kind he bought and what each lot cost. He cannot bind the defendant by indefinite testimony, which can only furnish a basis for speculation or conjecture, and not for proper computation.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.